IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ARMIS ADVISERS, LLC, as Special Administrator and Personal Representative of the Estate of ADRIENNE SISCO, deceased,<br><br>      Plaintiff,<br><br>vs.<br><br>(1) CEVA GROUND US, L.P.; and<br>(2) ABDINOR SALAD OLOW,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 19-CV-189-KEW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW the Plaintiff, Armis Advisers, LLC, as Special Administrator and Personal Representative of the Estate of Adrianne Sisco, deceased, by and through its undersigned counsel, Joe E. White, Jr. and Charles C. Weddle III of White & Weddle, and, for its Complaint, alleges and states as follows:

1. The Plaintiff, ARMIS ADVISERS, is the duly appointed Special Administrator and Personal Representative of the Estate of ADRIANNE SISCO, deceased. The Order Appointing ARMIS ADVISERS and Letters of Administration are attached hereto as Exhibit 1.

2. That at all times material hereto ADRIANNE SISCO was a citizen of the state of Arkansas.

3. Defendant CEVA GROUND US, L.P. (hereinafter "CEVA") is a foreign for-profit corporation incorporated in the State of Texas and having substantial and continuous contacts with the State of Oklahoma, including transacting business and utilizing Oklahoma roadways to haul and deliver freight. CEVA can be served through its registered

1

agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant ABNO SALAD OLOW (hereinafter "OLOW") is a resident of Columbus, Ohio. Upon information and belief, OLOW can be served at 4315 Chesford, Columbus, Ohio.

5. At the time of the incident giving rise to this action, OLOW was as an employee, agent, or servant of CEVA.

6. At the time of the incident giving rise to this action, OLOW was acting within the scope of his agency and/or employment and under the control of CEVA.

7. As a result of the relationship between CEVA and OLOW, all alleged acts, omissions, negligence, and recklessness of OLOW set forth in this Complaint are imputed to CEVA under the doctrine of *respondeat superior*.

8. The matter sued on herein occurred in Sequoyah County, State of Oklahoma.

9. That the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

10. Jurisdiction is proper pursuant to 28 U.S.C. §1332.

## FACTS

11. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

12. CEVA controls over 70,000 scheduled linehaul segments per year. With seven hubs and 62 stations in North America, CEVA drivers haul approximately 8,000 loads and travel over 7.5 million miles a month.[1]

13. CEVA has approximately 253 power units and 414 drivers that operate under its USDOT Number.[2]

14. On April 11, 2019, OLOW, driving a tractor-trailer under CEVA's USDOT number, rear-ended ADRIANNE SISCO's 2010 Honda Civic on Interstate 40 near Roland, Oklahoma.

15. ANDRIANNE SISCO was traveling in the slow lane of traffic on Interstate 40 when CEVA's tractor struck her vehicle from behind.

16. ADRIANNE SISCO's car was crushed by the impact:



---

[1] https://www.cevalogistics.com/country/united-states
[2] https://safer.fmcsa.dot.gov/query.asp

17. ADRIANNE SISCO was killed. She was 30 years old, with two daughters – ages 9 and 12.

## FIRST CAUSE OF ACTION: WRONGFUL DEATH AND SURVIVAL ACTIONS
### DEFENDANT CEVA & DEFENDANT OLOW

18. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

19. Companies and their agents, servants, employees, and/or contractors must never needlessly endanger anyone.

20. Companies and their agents, servants, employees, and/or contractors must be safe at all they do to prevent harm.

21. Companies and their agents, servants, employees, and/or contractors must comply with all regulatory and legal requirements to prevent harm.

22. Companies and their agents, servants, employees, and/or contractors must exercise ordinary and reasonable care for the protection and safety of all motorists on the highway.

23. Companies and their agents, servants, employees, and/or contractors must never put profits over safety.

24. CEVA breached the duty it owed to ADRIANNE SISCO when it failed to uphold the standard of care utilized by drivers and corporations in good standing who are engaged in the same type of service or specialty.

25. Such negligence, including, but not limited to, the acts and omissions denoted in detail in each paragraph of this Complaint, was the proximate cause of the death of ADRIENNE SISCO.

26. ARMIS ADVISERS, as Special Administrator and Personal Representative of the Estate of ADRIENNE SISCO, deceased, claims damages on behalf of the estate and all wrongful death beneficiaries of ADRIENNE SISCO pursuant to 12 O.S. §§1051, *et seq.*, including, but not limited to, mental pain and anguish which caused her death, loss of grandparental/parental/child relationship, association, consortium, affection, and/or companionship, medical and funeral expenses, and, therefore, has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

27. That based on each Defendant's willful, reckless, and gross disregard of the rights of ADRIENNE SISCO, Plaintiff seeks punitive damages against each Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION: NEGLIGENCE
## DEFENDANT CEVA & DEFENDANT OLOW

28. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

29. At the time of the wreck that killed ADRIANNE SISCO, the ordinary negligence of CEVA and OLOW included, but was not limited to:

    a) OLOW and CEVA, by and through the theory of *Respondeat Superior*, engaged in reckless driving in violation of Okla. Stat. tit. 47, §11-901;

    b) OLOW and CEVA, by and through the theory of *Respondeat Superior*, exceeded the maximum speed limit and failed to control the speed of the vehicle as was

necessary to permit the driver to bring the vehicle to a stop within the assured clear distance ahead, in violation of Okla. Stat. tit. 47, §11-801;

c) OLOW and CEVA, by and through the theory of *Respondeat Superior*, failed to devote full time and attention to driving in violation of Okla. Stat. tit. 47, §11-901(b);

d) OLOW and CEVA, by and through the theory of *Respondeat Superior*, caused the death of another person as a proximate result of driving a vehicle in reckless disregard of the safety of others in violation of Okla. Stat. tit. 47, §11-903;

e) OLOW and CEVA, by and through the theory of *Respondeat Superior*, failed to use the highest degree of care;

f) OLOW and CEVA failed to observe and obey the rules of the road;

g) OLOW and CEVA operated his vehicle in a manner not reasonable and proper;

h) OLOW and CEVA failed to maintain a safe and proper vehicle; and

i) OLOW and CEVA failed to obey the Federal Motor Carrier Safety Regulations including, but not limited to, requirements for vehicle maintenance, hours of service, driver qualifications, and record retention.

30. This ordinary negligence was a proximate cause of the injuries and death of ADRIANNE SISCO and the damages set forth below.

**THIRD CAUSE OF ACTION: NEGLIGENT ENTRUSTMENT**

**DEFENDANT CEVA**

31. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

32. That based upon OLOW's conduct as set forth above, CEVA negligently entrusted the operation of its semi or truck to OLOW. This allegation of negligence on the part of CEVA is separate and distinct from the negligence of the OLOW.

33. Additionally, CEVA failed in providing and/or implementing a safety program which could have prevented the collision from occurring. This allegation of negligence on the part of CEVA is separate and distinct from the negligence of the OLOW.

34. That CEVA was negligent in failing to investigate and choose a competent driver (i.e., OLOW). This allegation of negligence on the part of CEVA is separate and distinct from the negligence of the OLOW.

35. That CEVA knew or should have known of the OLOW's unsafe driving practices. This allegation of negligence on the part of CEVA is separate and distinct from the negligence of the OLOW.

36. That CEVA negligently failed in training the OLOW on how to safely drive, navigate, lawfully operate a tractor trailer rig, and follow the FMCSR. This allegation of negligence on the part of CEVA is separate and distinct from the negligence of the OLOW.

37. Oklahoma common law imposes a duty of care upon CEVA to protect all persons who are foreseeably endangered by CEVA's conduct with respect to all risks which make the conduct unreasonably dangerous. CEVA owed the Plaintiff a duty to lessen the risk or take precaution to protect those coming within the zone of risk created by its conduct. CEVA knew or should have known that OLOW would be operating his flatbed semi or truck on public roadways, and it was foreseeable that its conduct was posed an unreasonable risk of harm to others, including the Plaintiff.

38. CEVA had a duty to have adequate policies and procedures in place to ensure the persons it allowed to drive under its USDOT number, control, and supervision were competent, safe, adequately trained, and qualified.

39. CEVA failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the hiring of a driver who was neither qualified nor competent to exercise sound judgment and safely operate a commercial tractor-trailer.

40. CEVA's negligence in hiring an unqualified and incompetent driver was a proximate cause of the injuries and death of ADRIENNE SISCO and the damages set forth below.

41. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

42. CEVA had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently trained its drivers on safe driving practices and techniques.

43. CEVA did not train OLOW on using safe driving practices and techniques before placing him in an employment position as one of its drivers.

44. CEVA failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate training of drivers who were not qualified and competent to exercise sound judgment and safely drive a commercial tractor-trailer.

45. CEVA's negligence in failing to properly train OLOW was a proximate cause of the injuries and death of ADRIANNE SISCO and the damages set forth below.

46. CEVA had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently supervised its drivers.

47. CEVA did not supervise OLOW to ensure he was using sound judgement and practicing safe driving techniques and habits while driving under CEVA's USDOT number.

48. CEVA failed in its duty and was negligent when it chose not to have in place and/or chose not to follow proper policies and procedures, resulting in the inadequate supervision of OLOW.

49. The failure of CEVA to consider and act upon the safety concerns related to OLOW is negligence.

50. CEVA's negligence in failing to properly supervise OLOW was a proximate cause of the injuries and death of ADRIANNE SISCO and the damages set forth below.

51. CEVA had a duty to have adequate policies and procedures in place to ensure it properly and sufficiently retained qualified and competent drivers.

52. CEVA failed in its duty and was negligent when it chose not to have in place, and/or chose not to follow, proper policies and procedures resulting in the retention of unqualified and incompetent drivers.

53. That CEVA breached it duty because it entrusted its semi or truck to OLOW when it knew or reasonably should have known that OLOW was careless, reckless and/or incompetent, resulting in injuries to the Plaintiff.

54. That as a direct and proximate cause of the aforementioned independent act of negligence and reckless acts of CEVA, the Plaintiff suffered serious personal injuries. The Plaintiff has suffered and will continue to suffer, among other things, mental and physical pain and suffering in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

55. That based upon CEVA's willful, reckless, and gross disregard of the rights of the Plaintiff, the Plaintiff seeks punitive damages against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

56. CEVA's negligence in retaining OLOW was a proximate cause of the injuries and death of ADRIANNE SISCO and the damages set forth below.

## DAMAGES

57. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

58. In addition to the physical injuries and horrific mental anguish ADRIANNE SISCO suffered prior to her untimely death, she also suffered the loss of enjoying her life, her family, and her friends.

59. All of this was taken from ADRIANNE SISCO, and her family and friends, when the CEVA truck driven by OLOW slammed into the rear of her car.

60. Plaintiff, as Special Administrator and Personal Representative of the Estate of ADRIANNE SISCO, is entitled to recover the following elements of damage on behalf of the estate and wrongful death beneficiaries of ADRIANNE SISCO:

    a. ARIANNE SISCO's loss of life;

    b. ADRIANNE SISCO'S loss of enjoyment of life;

    c. The nature, extent, duration, and permanency of ADRIANNE SISCO's injuries;

    d. The conscious pain, suffering, and mental anguish experienced by ADRIANNE SISCO prior to her death;

    e. The value of any earnings lost;

    f. The present value of any earnings reasonably certain to be lost in the future;

g. The present value of any loss of ability to earn in the future;

h. All pecuniary injuries sustained by the wrongful death beneficiaries of ADRIANNE SISCO as a result of the Defendants' negligence;

i. Mental anguish suffered in the past by the wrongful death beneficiaries of ADRIANNE SISCO as a result of the Defendants' negligence;

j. Mental anguish reasonably probable to be suffered in the future by the wrongful death beneficiaries of ADRIANNE SISCO as a result of the Defendants' negligence;

k. All damages, including special damages, that may be afforded to the Plaintiff based on the facts, claims, and allegations set forth in this Complaint or subsequently discovered in litigation or trial of this matter; and

l. All other damages afforded under the law or deemed applicable by the Oklahoma Uniform Jury Instructions.

## PUNITIVE DAMAGES

61. Plaintiff incorporates each and every foregoing paragraph by reference as if set forth herein word for word.

62. CEVA hired OLOW in a position that required him to drive in order to fulfill his job duties.

63. CEVA knew, or should have known, that OLOW was a danger to fellow travelers on the road.

64. Because CEVA knew, or should have known, that its conduct would naturally and probably result in injury, but continued such conduct in reckless disregard of the consequences, the Plaintiff prays for punitive damages against CEVA in an amount sufficient to punish

CEVA for its knowingly reckless conduct to deter it and other wrongdoers from similar conduct in the future.

65. Upon information and belief, OLOW was engaging in reckless behavior prior to rear-ending ADRIENNE SISCO with enough force on a clear day to render her Honda Civic unrecognizable.

66. Therefore, the Plaintiff prays for punitive damages against OLOW, and CEVA through the doctrine of *respondeat superior*, in an amount sufficient to punish him for his reckless conduct and to deter him and other wrongdoers from similar conduct in the future.

## JURY TRIAL DEMANDED

67. Plaintiff demands a trial by jury.

68. Plaintiff seeks damages in an amount in excess of the amount necessary for federal jurisdiction in diversity cases.

69. Plaintiff reserves the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damages claims as discovery develops.

WHEREFORE, premises considered, Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount in excess of the amount necessary for federal jurisdiction in diversity of citizenship cases, the exact amount to be determined by a jury, for punitive damages, for attorneys' fees and costs of this litigation, and for all other relief to which the Plaintiff may be entitled.

Respectfully submitted,

_____
JOE E. WHITE, JR.        OBA #12930
CHARLES C. WEDDLE III   OBA #18869
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com

*Attorneys for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED